# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 18, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| LISA TURNER, | * | |
| | * | |
| Petitioner, | * | UNPUBLISHED |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | No. 08-864V |
| AND HUMAN SERVICES, | * | |
| | * | Attorneys' Fees and Costs |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * | | |

*Michael McLaren,* Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN, for petitioner.
*Lara Ann Englund,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Gowen,** Special Master:

On December 4, 2008, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleged that following a Hepatitis B vaccine administered on December 20, 2005, she "suffered from multiple sclerosis, optic neuritis and other injuries." Petition at ¶¶ 2-3. On April 25, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 155.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the website of the United States Court of Federal Claims, pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012). The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 15, 2011, a fact hearing was held in Raleigh, North Carolina, before Special Master Hastings. Petitioner presented testimony on the events leading up to her injury and her symptoms. After numerous status reports, expert reports, and status conferences, an entitlement hearing was held in Charlotte, North Carolina, before the undersigned on February 3 and 4, 2015. On September 9, 2015, the undersigned awarded interim fees and costs in the amount of $165,000.00, which was stipulated. ECF No. 114. A Ruling on Entitlement was issued on April 18, 2016.

After the ruling finding entitlement to compensation, the parties engaged in extensive negotiations and documentation of petitioner's damages, including a life care plan and a vocational and economic workup of her future lost wages. Ultimately, the parties stipulated to an award of compensation based on the reports generated.

On June 29, 2017, petitioner filed a motion for attorneys' fees and costs. ECF No. 160. Petitioner requests attorneys' fees in the amount of $76,015.50, and attorneys' costs in the amount of $14,124.93. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. Thus, the total amount requested is $90,140.43.

On July 14, 2017, respondent filed a response to petitioner's motion. ECF No. 161. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $90,140.43[3] as follows:**

- **A lump sum of $90,140.43, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Michael G. McLaren.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.